IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JAN 24 2020
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JODY LYN BENNETT,<br><br>Defendant/Movant. | Cause No. CR 18-25-M-DWM<br>CV 20-06-M-DWM<br><br>ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On January 6, 2020, Defendant/Movant Bennett filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Bennett is a federal prisoner who filed the motion pro se.

Bennett is currently serving a 132-month prison sentence for drug and firearms violations. Judgment was entered on January 10, 2019 (Doc. 47). Bennett's appeal (Doc. 50) is pending. The opening brief is due March 27, 2020. *See United States v. Bennett*, No 19-30008 (9th Cir. order filed Nov. 26, 2019).

A § 2255 motion is the equivalent of a petition for writ of habeas corpus. *See, e.g., United States v. Hayman*, 342 U.S. 205, 210–19 (1952). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994), and *Sunal v. Large*, 332 U.S. 174, 178 (1947)).

1

This Court will not entertain a § 2255 motion until Bennett's direct appeal is exhausted, including any proceedings in the Supreme Court. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *see also United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997); *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (as amended); *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991).

The law distinguishing direct review from collateral review such as a § 2255 motion is well-settled. A certificate of appealability is not warranted. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS ORDERED:

1. Bennett's § 2255 motion (Doc. 62) is DISMISSED as premature.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bennett files a Notice of Appeal of this Order.

3. The clerk shall ensure that all pending motions in this case and in CV 20-06-M-DWM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 24th day of January, 2020.

Donald W. Molloy
United States District Court

2